## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

**Jennifer Cole**                                )
12601 King Arthur Court              )
Glenn Dale, MD 20769                  )
                                                         )
    Plaintiff,                           )
                                                         )
v.                                                      )    CIVIL ACTION NO. _____
                                                         )    **JURY TRIAL DEMANDED**
**Capital One, National Association** )
Serve:  CSC-Lawyers Incorporating Service Co. )
        7 St. Paul Street, Suite 820 )
        Baltimore, MD 21202 )
                                                         )
    Defendant,                       )
                                                         )
**Wells Fargo Bank, National Association** )
Serve:  CSC-Lawyers Incorporating Service Co. )
        7 St. Paul Street, Suite 820 )
        Baltimore, MD 21202 )
                                                         )
    Defendant,                       )
                                                         )
**CitiBank, N.A.**                           )
Serve:  The Corporation Trust Incorporated )
        351 West Camden Street )
        Baltimore, MD 21201 )
                                                         )
    Defendant,                       )
                                                         )
**Transworld Systems Inc.**          )
Serve:  The Corporation Trust Incorporated )
        351 West Camden Street )
        Baltimore, MD 21201 )
                                                         )
    Defendant,                       )
                                                         )
**United Consumers, Inc.**           )
Serve:  Nat'l Registered Agents, Inc. of MD )
        351 West Camden Street )
        Baltimore, MD 21201 )
                                                         )
    Defendant,                       )
                                                         )
**SquareTwo Financial Services Corporation** )

1

| | |
|---|---|
| Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **CACH, LLC**<br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **Portfolio Recovery Associates, L.L.C.**<br>Serve: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **Oliphant Financial, LLC**<br>Serve: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **JH Portfolio Debt Equities, LLC**<br>Serve: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | )<br>)<br>)<br>) |
| **Herbert A. Rosenthal, Chartered**<br>Serve: Charles F. Gormly<br>11303 Mitscher Street<br>Kensington, MD 20895<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **Data Mortgage, Inc.**<br>Serve: Registered Agent Solutions, Inc.<br>245 West Chase Street<br>Baltimore, MD 21201<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| **E Mortgage Management, L.L.C.**<br>Serve: Nat'l Registered Agents, Inc. of MD<br>351 W. Camden Street<br>Baltimore, MD 21201<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Equity Loans LLC**<br>Serve: Incorp Services, Inc.<br>1519 York Road<br>Lutherville, MD 21093<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Great Plains National Bank**<br>Serve: John Ranocchia<br>405 E. Joppa Rd, Suite 300<br>Towson, MD 21286<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **American Trust Capital Lending, Inc.**<br>Serve: Nat'l Registered Agents, Inc. of MD<br>836 Park Avenue, 2nd Floor<br>Baltimore, MD 21201<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Mortgage Producers, Inc.**<br>Serve: Incorp Services, Inc.<br>1519 York Road<br>Lutherville, MD 21093<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Sher Financial Group, Inc.**<br>Serve: Gregory Sher<br>4446 Roland Spring Drive<br>Baltimore, MD 21210 | )<br>)<br>)<br>)<br>) |
| **Equifax Information Services, Llc.**<br>Serve: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |

3

| | |
|---|---|
| **Trans Union, Llc.**<br>Serve: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant,<br><br>**Experian Information Solutions, Inc.**<br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Jennifer Cole, files this complaint against the Defendants and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### PARTIES

2. The plaintiff is a natural person and resides in Glenn Dale, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Capital One, National Association ("Cap One") and CitiBank, N.A. are national financial services companies.

4. Defendant CAHC, LLC, a subsidiary of Defendant SquareTwo Financial Services Corporation ("SquareTwo"), is in the business of purchasing overdue debts from creditors.

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is one of the largest debt buying companies in the United States.

4

6. Defendants Oliphant Financial, LLC ("Oliphant"), JH Portolio Debt Equities, LLC ("JH") and Herbert A. Rosenthal, Chartered ("Rosenthal") are in the business of purchasing or acquiring rights to overdue debts from creditors.

7. Defendants Great Plains National Bank ("Great Plains"), Data Mortgage, Inc. ("DMI"), E Mortgage Management, LLC ("EMM"), Equity Loans LLC ("Equity"), American Trust Capital Lending, Inc. ("American Trust"), Mortgage Producers, Inc. ("MPI") and Sher Financial Group, Inc. ("Sher") are in the business of brokering or procuring mortgage loans.

8. Defendants Transworld Systems Inc. ("Transworld") and United Consumers, Inc. ("UCI") are in the business of collecting overdue debts due to creditors.

9. Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Transunion") are "consumer reporting agencies," ("CRAs") as defined in 15 U.S.C. §1681a(f).

## FACTS

10. Plaintiff obtained her credit reports and found:

    (i) Defendants Cap One, KOHLS and CitiBank were reporting five accounts as charged-off;

    (ii) Defendants CACH, Transworld and UCI were reporting collection accounts; and

    (iii) Defendants DMI, EMM, Equity, Great Plains, American Trust, MPI, Sher and Wells Fargo had obtained his credit reports.

*Charged-Off Accounts*

11. Plaintiff learned of several accounts that may have been opened in her name after the passing of her husband.

12. Plaintiff has sought to retrieve copies of the application that created the accounts so that she could determine the person responsible for opening the accounts.

13. Several of these questionable accounts have resulted in charge-offs and are causing substantial damage to Plaintiff's credit reputation.

14. Plaintiff has disputed the validity of the Cap One, Kohls and CitiBank accounts with the CRAs on the basis that the accounts were not opened by Plaintiff.

15. Each Defendant verified the accounts as belong to Plaintiff after receiving Plaintiff's credit disputes from the CRAs.

16. A reasonable investigation of Plaintiff's dispute should have involved the Defendants' verification of the Plaintiff's signature on the credit applications.

17. Because Plaintiff did not sign the applications creating the disputed accounts, the Defendants would have learned that the accounts were fraudulently opened if the Defendants had performed a reasonable investigation of the disputes.

18. In addition to verifying the signature on the application, the Defendants should have verified that the Plaintiff used the credit card or was responsible for the charges made on the account.

19. The Defendants did not perform a reasonable investigation because it did not seek to verify the Plaintiff used the credit cards. Had the Defendants sought to verify such information, each would have learned that some person other than the Plaintiff used the card or the Defendants would have been unable to verify the Plaintiff used the card.

*Collection Accounts*

20. Within a year of filing this complaint the Defendants Rosenthal, JH, Oliphant, CACH, SquareTwo and PRA (collectively, "Cap One debt collectors") insisted on collecting --

by making phone calls and/or sending dunning letters -- on the fraudulent Cap One account(s). Plaintiff was not responsible the fraudulent Cap One account(s) and the Cap One debt collectors had no right to seek to collect this fraudulent debt from the Plaintiff.

21. Within a year of filing this complaint the Defendants UCI and Transworld have attempted -- by reporting to credit bureaus, making phones or sending dunning letters -- on to collect alleged medical bills owed by the Plaintiff. The Defendants lack any detail to prove the legitimacy that a debt was owed to a medical provider. Furthermore, the Defendants do not even provide any proof that they have been authorized to collect the debt on behalf of the medical provider.

22. Plaintiff has disputed owing the debt or the amount of the debt sought to be collected. Plaintiff forwarded a dispute of the medical collection account to the CRAs. The collection accounts were verified as being accurately reported and continue to be reported on Plaintiff's credit reports.

### *Unauthorized Credit Pulls*

23. DMI obtained Plaintiff's credit report on June 5, 2014. Plaintiff did not receive a firm offer of credit from DMI and therefore it did not access Plaintiff's credit report for a permissible purpose.

24. EMM obtained Plaintiff's credit report on May 17, 2014. Plaintiff did not receive a firm offer of credit from EMM and therefore it did not access Plaintiff's credit report for a permissible purpose.

25. Equity obtained Plaintiff's credit report on September 4, 2014. Plaintiff did not receive a firm offer of credit from Equity and therefore it did not access Plaintiff's credit report for a permissible purpose.

26. Great Plains obtained Plaintiff's credit report on October 22, 2014. Plaintiff did not receive a firm offer of credit from Great Plains and therefore Great Plains did not access Plaintiff's credit report for a permissible purpose.

27. American Trust obtained Plaintiff's credit report on January 9, 2015. Plaintiff did not receive a firm offer of credit from American and therefore it did not access Plaintiff's credit report for a permissible purpose.

28. MPI obtained Plaintiff's credit report on June 1, 2014. Plaintiff did not receive a firm offer of credit from MPI and therefore it did not access Plaintiff's credit report for a permissible purpose.

29. Sher obtained Plaintiff's credit report on May 17, 2014, July 12, 2014 and January 8, 2015. Plaintiff did not receive a firm offer of credit from Sher and therefore it did not access Plaintiff's credit report for a permissible purpose.

30. Wells Fargo obtained Plaintiff's credit report on February 23, 2015. Plaintiff does not have an account with Wells Fargo and therefore it did not access Plaintiff's credit report for a permissible purpose.

31. The CRAs failed to maintain and/or employ reasonable procedures to prevent the release of Plaintiff's credit report for unauthorized and impermissible purposes.

## COUNT ONE: VIOLATIONS OF FCRA

32. Plaintiffs incorporate paragraphs 1-31 by reference.

33. Equifax, Experian and Transunion violated 15 U.S.C. §1681i(a)(1),(5)(A) by failing to conduct a reasonable investigation by failing to promptly delete the disputed accounts after receiving Plaintiff's dispute.

34. Equifax, Experian and Transunion violated its obligations under 15 U.S.C. §1681e(b)(1) to follow reasonable procedures to assure maximum accuracy by relying on unreliable sources of information that do not maintain sufficient documentation to justify their report debts.

35. Equifax, Experian and Transunion violated its obligations under 15 U.S.C. §1681e(a) to establish or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes..

36. The Defendants identified above in paragraphs 23 thru 30 knowingly and willfully used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

37. Defendants' conduct in obtaining Plaintiff's credit report under false pretenses violates 15 U.S.C. §1681q.

38. Defendants Cap One, KOHLS, CitiBank, UCI and Transworld violated the FCRA at §1681s-2(b)(1)(D) & (E) by failing to delete or modify the accounts after it concluded a reasonable investigation of Plaintiff's dispute.

39. Defendants' foregoing FCRA violations have caused the Plaintiff to incur both economic and emotional distress damages.

40. Plaintiff is seeking punitive damages in the amount of $100,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $25,000 for Defendants' negligent and willful violations of the FCRA under 15 U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 for each FCRA violation and her costs for bringing this action. Plaintiff also notes her right to obtain attorney and seek attorney fees.

## COUNT TWO: VIOLATIONS OF FDCPA

41. Plaintiffs incorporate paragraphs 1-40 by reference.

42. Defendants Cap One debt collectors violated 15 U.S.C. §1692e by attempting to collect a debt from Plaintiff that the Plaintiff did not owe.

43. Defendants UCI and Transworld violated 15 U.S.C. §1692e by falsely representing the Plaintiff owed a debt or attempted to collect an inflated debt amount.

44. Defendants UCI and Transworld further violated 15 U.S.C. §1692e by reporting derogatory credit information to the CRAS when they knew or should have known the debs were not owed or the amounts were not accurate.

45. Defendants foregoing illegal debt collection activities have caused the Plaintiff to incur economic damages and emotional/mental distress damages.

46. Plaintiff seeks actual damages in an amount of $10,000, statutory damages in an amount of $8,000 and reserves her right to seek reasonable attorney's fees in the event he obtains counsel.

WHEREFORE, Plaintiff requests $33,000 in actual damages from all Defendants; $100,000 in punitive damages for violations of the FCRA; $15,000 or more in statutory damages; costs for litigating this action; and Plaintiff reserves his right to request legal fees in the event he retains an attorney.

Jennifer Cole
12601 King Arthur Court
Glenn Dale, Maryland 20769
(202) 810-5720

*Pro Se Plaintiff*