FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

2016 JAN 15 P 2: 25

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **JENNIFER COLE,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: GJH-15-1121** |
| | * | |
| **CAPITAL ONE, NATIONAL** | | |
| **ASSOCATION,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION**

Presently before the Court is a motion by Plaintiff, Jennifer Cole, seeking a clerk's entry

of default against multiple Defendants: Capital One, National Association ("Capital One"),

Oliphant Financial, LLC ("Oliphant Financial"), Equity Loans, LLC ("Equity Loans"), Mortgage

Producers, Inc. ("Mortgage Producers"), American Trust Capital Lending, Inc. ("American

Trust"), E Mortgage Management, LLC ("E Mortgage"), and Herbert A. Rosenthal, Chartered

("Rosenthal"). ECF No. 74. A hearing on the motion is not necessary. *See* Loc. R. 105.6 (D.

Md.). For the reasons that follow, the motion will be denied.

Once a defendant has been properly served, an entry of default is appropriate when that

party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise

. . . ." Fed. R. Civ. P. 55(a). A party has no duty to defend, however, unless it has been served

with the summons and complaint, or waives such service, pursuant to Rule 4 of the Federal Rules

of Civil Procedure. *See Murphy Bros., Inc. V. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350,

119 S.Ct. 1322 (1999) (holding that "one becomes a party officially, and is required to take

action in that capacity, only upon service of a summons"); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule 4]."). "The Court's entry of an Order of Default is within the discretion of the Court." *Marschauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 610 (S.D. Fla. 1992). "Although a clerk's entry of default can be ministerial pursuant to Fed.R.Civ.P. 55(a), the court may decline to enter default when it is apparent that [the default] would be set aside on a motion." *United States v. $12,160.00 in U.S. Currency*, No. PWG-13-3790, 2014 WL 1653270, at *1 (D. Md. Apr. 23, 2014) (internal quotation marks omitted) (citing *Firetree, Ltd. v. Com., Dep't of Gen. Servs.*, No. 08-0995, 2008 WL 2357264, at *1 (M.D.Pa. June 5, 2008); 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2682 (3d ed. 1998); *Brown v. Weschler*, 135 F.Supp. 622, 624 (D.D.C. 1955); *Stevens v. Wiggins*, No. 90-7038, 1991 WL 152960, at *1 n.2 (E.D.Pa. Aug.6, 1991); *Song v. Smith*, No. 91-15444, 1992 WL 2772, at *2 (9th Cir. Jan.3, 1992)).

Two defendants against whom Plaintiff seeks an entry of default—E Mortgage and Capital One—have since been voluntarily dismissed from this lawsuit with prejudice. *See* ECF Nos. 101–104. Because these defendants are no longer parties to this lawsuit, the Court cannot enter default against them.

Two other defendants—Oliphant Financial and Rosenthal—have since answered the Complaint. *See* ECF Nos. 82 & 83. Although their answers were filed late,[1] the Court is mindful of the strong policy that, "as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616

---

[1] The record indicates that Oliphant Financial was served on or about April 14, 2015, and that Rosenthal was served on or about April 16, 2015. *See* ECF No.75. Both Parties filed their answers on July 27, 2015. ECF Nos. 82 & 83.

F.3d 413, 417 (4th Cir. 2010). Thus, as an exercise of the Court's discretion, the Court denies

Plaintiff's motion for an entry of default as to these two defendants.

With respect to Mortgage Producers and American Trust, Plaintiff is seeking that the

clerk reissue summonses with corrected addresses to serve these defendants, ECF No. 106,

which indicates that these Parties have not yet been served.[2] Because a defendant has no

obligation to answer or otherwise defend an action until service of process is effectuated, the

Court denies Plaintiff's request for an entry of default as to these defendants. The Court will,

however, grant Plaintiff the opportunity to again attempt to serve these defendants and will direct

the Clerk to reissue summonses upon Plaintiff's submission of such completed summonses to the

Clerk.[3] The Court notes, however, that, as Plaintiff submitted the filing fee in the Maryland

Circuit Court, she bears responsibility for effecting service of process on these defendants.

Plaintiff is reminded that under Fed. R. Civ. P. 4(l), the person effecting service of the summons

and Complaint must promptly notify the court, through an affidavit, that he or she has served

Defendant. The Court further forewarns Plaintiff that service of process on one who is not the

agent of the defendant and who is not authorized to receive service of process against such

defendant may result in service being quashed and a dismissal of that defendant from the action.

*See Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009).

That leaves Equity Loans. The record indicates that Equity Loans was served on or about

April 16, 2015, and Equity Loans has failed to plead or otherwise defend in this action. Plaintiff,

however, has failed to follow the dictates of Rule 55(a) for obtaining an entry of default. That

---

[2] This is particularly apparent in the case of American Trust because it appears that Plaintiff has twice received correspondence from National Registered Agents, Inc., the purported registered agent to receive process on behalf of American Trust, indicating that American Trust has been "purged" from the National Registered Agents' record. ECF Nos. 81 & 98.

[3] So, too, with respect to Sher Financial Group, Inc., for whom Plaintiff also seeks the reissuance of a summons. ECF No. 106.

Rule requires that, when a defendant "has failed to plead or otherwise defend" an action "*and* that fact is made to appear by affidavit or otherwise," then default may be entered. Fed. R. Civ. P. 55(a) (emphasis added). Plaintiff failed to establish Equity Loans' default by affidavit or otherwise. *See DeTore v. Local No. 245 of Jersey City Pub. Emp. Union,* 511 F. Supp. 171, 176 (D.N.J. 1981) ("If [a plaintiff] is not served with answer within 20 days after process service was effected, the [plaintiff] need only file with the clerk an affidavit, or certification in lieu of oath, under penalty of perjury, 28 U.S.C. § 1746, establishing that more than 20 days have elapsed since service of the summons and complaint, and that no answer has been served."). Thus, the Court denies Plaintiff's Motion with respect to Equity Loans.[4]

Plaintiff's Motion for Order of Default is **DENIED**. A separate Order follows.

Dated: January 15, 2016

GEORGE J. HAZEL
United States District Judge

---

[4] Plaintiff filed a Renewed Motion for Order of Default on November 6, 2015, again seeking an entry of default against Equity Loans. ECF No. 105. The Renewed Motion contains the same deficiencies, and, for the same reasons stated herein, the Court denies that motion.

4