IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY -5  A 10: 36

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

| | |
|---|---|
| **JENNIFER COLE,** | \* |
| **Plaintiff,** | \* |
| v. | \* Case No.: GJH-15-1121 |
| **CAPITAL ONE, NATIONAL ASSOCATION,** *et al.*, | \* |
| **Defendants.** | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this action, which was removed to this Court from the Circuit Court for Prince George's County, Maryland, Plaintiff Jennifer Cole alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.* against twenty-one defendants. Presently pending before the Court is a Motion to Dismiss filed by Defendant Data Mortgage, Inc. ECF No. 95. A hearing on the motion is not necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Data Mortgage's Motion to Dismiss is granted.

**I.   BACKGROUND**

In the Complaint, Plaintiff alleges various FCRA and FDCPA violations against the twenty one Defendants named in this action.[1] Specifically, she first alleges that certain

---

[1] It is not always clear in the Complaint which Defendants are allegedly responsible for certain challenged conduct. For instance, with regard to Plaintiff's allegations that certain accounts were fraudulently opened in her name, Plaintiff references Defendant Capital One, National Association, CitiBank, N.A., and "Kohls." Kohls, however, is not a named Defendant in this case, and, in the remaining paragraphs discussing the disputed accounts, Plaintiff refers generally to "Defendants" without specifying which Defendants those allegations refer to.

Defendants failed to perform a reasonable investigation after Plaintiff disputed the validity of certain charged-off accounts that were opened in her name.[2] ECF No. 2 at ¶¶ 11–19. Plaintiff alleges that she did not sign the applications to open those accounts, that they were fraudulently opened by another individual, and that a "reasonable investigation" of Plaintiff's dispute would have "involved the Defendants' verification of the Plaintiff's signature on the credit applications." *Id.* at ¶ 16.

Plaintiff next alleges that other Defendants are attempting to collect debts owed on the fraudulently opened accounts and that yet other Defendants are attempting to collect alleged medical bills owed by Plaintiff without proof that those Defendants have been authorized to collect such debts. *Id.* at ¶¶ 20–22. Plaintiff contends that she has disputed owing these debts but that they have been "verified as being accurately reported [to consumer reporting agencies] and continue to be reported on Plaintiff's credit reports." *Id.* at ¶ 22.

Finally, Plaintiff alleges that certain Defendants violated the FCRA by obtaining her credit report without a permissible purpose for doing so. *Id.* at ¶¶ 23–30. As is relevant to the present Motion, Plaintiff alleges that Data Mortgage obtained her credit report on June 5, 2014, and that "Plaintiff did not receive a firm offer of credit from [Data Mortgage] and therefore it did not access Plaintiff's credit report for a permissible purpose." *Id.* at ¶ 23. Plaintiff further alleges that Data Mortgage "knowingly and willfully used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose" and that doing so violated the FCRA.

---

[2] "'Charge off' means the act of a creditor that treats an account receivable or other debt as a loss or expense because payment is unlikely." *Bartlett v. Portfolio Recovery Associates, LLC*, 91 A.3d 1127, 1132 n.4 (Md. 2014) (quoting Md. Rule 3-306(a)(1)).

Since this action was removed to this Court in April 2015, Plaintiff has voluntarily dismissed her claims against multiple Defendants. *See* ECF Nos. 59, 63, 69, 71, 101 & 102. Several other Defendants have answered the Complaint. *See* ECF Nos. 26, 43, 49, 58, 67, 68, 82 & 83. On June 29, 2015, Plaintiff filed a Motion for Clerk's Entry of Default as to certain Defendants, and on November 6, 2015, she filed a "Renewed" Motion for Clerk's Entry of Default. ECF Nos. 74 & 105. The Court denied both motions on January 15, 2016.[3] ECF Nos. 107 & 108.

Meanwhile, on September 25, 2015, Data Mortgage filed the pending Motion to Dismiss, arguing Plaintiff has failed to state a claim upon which relief can be granted and that the Court lacks personal jurisdiction over it.[4] *See* ECF No. 95. Plaintiff has opposed the Motion, ECF No. 100, and the time for Data Mortgage to file a reply has expired.

## II.   DISCUSSION

### A. Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction arises under Federal Rule of Civil Procedure 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2), however.

---

[3] With respect to one Defendant for whom Plaintiff sought an entry of default, Equity Loans LLC, the Court noted that Plaintiff merely failed to follow the requirements of Federal Rule of Civil Procedure 55(a), namely, that she failed to show "by affidavit or otherwise" that an entry of default was warranted. *See* ECF No. 107 at 3–4. Plaintiff is reminded that she may file a motion for entry of default and default judgment as to Equity Loans, but she must "file with the clerk an affidavit, or certification in lieu of oath, under penalty of perjury, 28 U.S.C. § 1746, establishing that more than 20 days have elapsed since service of the summons and complaint, and that no answer has been served." *DeTore v. Local No. 245 of Jersey City Pub. Emp. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981).

[4] Data Mortgage also argues that venue is improper in this Court. Because the Court concludes that dismissal is appropriate, it need not reach this additional argument.

*See generally* 5B Wright & Miller, Federal Practice & Procedure § 1351, at 274–313 (3d ed. 2004, 2012 Supp.). Rather, the Court may, in its discretion, address personal jurisdiction as a preliminary matter, ruling solely on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). In such a circumstance, the plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp.*, 561 F.3d at 276. "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs. Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)).

Personal jurisdiction over a nonresident defendant is proper when "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993); *see also* Fed. R. Civ. P. 4(k)(1)(A). "In applying Maryland's long-arm statute, federal courts often state that '[the] statutory inquiry merges with [the] constitutional inquiry.'" *Dring v. Sullivan*, 423 F.Supp.2d 540, 544 (D.Md.2006) (citing *Carefirst of Md.*, 334 F.3d at 396–97; *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir.1996) (additional citations omitted)). A court's exercise of personal jurisdiction over a defendant is consistent with due process so long as the defendant has established "minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (citation omitted). Put differently, the court must consider whether a defendant's contacts with the forum state are

substantial enough that it "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). The United States Court of Appeals for the Fourth Circuit has distilled these somewhat abstract concepts into three basic prongs: "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Plaintiff's Complaint alleges no jurisdictional facts with respect to Data Mortgage. The only facts alleged in the Complaint regarding Data Mortgage is that it is "in the business of brokering or procuring mortgage loans," and that it "obtained Plaintiff's credit report on June 5, 2015," without having a permissible purpose for doing so. ECF No. 2 at ¶¶ 7, 23. In its Motion to Dismiss, Data Mortgage indicates that it is a California entity whose business operations are solely within the state of California. ECF No. 95-1 at 1.[5] Data Mortgage argues that Plaintiff has failed to satisfy her burden to allege that this Court can exercise personal jurisdiction over it. Plaintiff argues, however, that because she is a Maryland resident, *see* ECF No. 2 at ¶ 2, when Data Mortgage obtained her credit report, it "transact[ed] . . . business" in the state of Maryland and caused her tortious injury in Maryland. *See* ECF No. 100 at 4; Md. Code Ann., Cts. & Jud. Proc. § 6-103(b) (providing that "[a] court may exercise personal jurisdiction over a person, who directly or by an agent . . . [t]ransacts any business or performs any character of work or service in [Maryland]" or "[c]auses tortious injury in the state by an act or omission in [Maryland]").

---

[5] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

In *Zellerino v. Roosen*, 118 F. Supp. 3d 946 (E.D. Mich. 2015), the court rejected the same argument that Plaintiff raises here. *Zellerino* involved an FCRA action in which the plaintiff, a Michigan resident, alleged that the defendants impermissibly obtained her consumer report, which she alleged was an invasion of her privacy. The defendants, who conducted business in California, moved to dismiss the complaint for lack of personal jurisdiction. The plaintiff argued that the United States District Court for the Eastern District of Michigan could exercise personal jurisdiction over the defendants "because the defendants committed an intentional tort that caused consequences to occur in the State of Michigan." *Id.* at 950. In dismissing this argument, the *Zellerino* court relied on *Walden v. Fiore*, 134 S. Ct. 1115 (2014), in which the United States Supreme Court emphasized two important points with respect to personal jurisdiction: first, that the relationship between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State," *id.* at 1122 (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)), and second, that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," *id.* (citing *Int'l Shoe*, 326 U.S. at 319). Considering these two points, the *Zellerino* court concluded as follows:

> Applying those principles here, it is apparent that the defendants' conduct of accessing the plaintiff's credit report, which presumably took place in California, cannot furnish a basis for them to be sued in a Michigan court, even though the plaintiff felt the impact of that privacy breach in Michigan. None of the defendants' challenged conduct had anything to do with Michigan itself. The plaintiff does not allege that any of the defendants' alleged actions took place in Michigan. Instead, the complaint alleges that the defendants, California residents, obtained the plaintiff's consumer report from Equifax, a Georgia-based company, and falsely certified that the report was for a lawful purpose.

118 F. Supp. 3d at 952.

The Court finds *Zellerino*'s reasoning persuasive. The mere fact that Data Mortgage obtained Plaintiff's credit report and that Plaintiff is a Maryland resident does not establish that Data Mortgage "purposefully avail[ed]' itself of the privilege of conducting activities" in Maryland. *ALS Scan*, 293 F.3d at 712. To conclude otherwise would be to "improperly attribute[] a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." *Walden*, 134 S. Ct. at 1125 (citation omitted). Accordingly, Data Mortgage's Motion to Dismiss for lack of personal jurisdiction must be granted.

### B. Failure to State a Claim

Even assuming the Court could exercise personal jurisdiction over Data Mortgage, the claims alleged in the Complaint must be dismissed for failure to state a claim. On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also id.* ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). Although pleadings of self-represented litigants must be accorded liberal construction,

see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although the Complaint alleges claims arising under the FDCPA against certain Defendants, the only allegations in the Complaint relating to Data Mortgage arise under the FCRA. The FCRA was enacted by Congress in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201 (2007). The FCRA imposes civil liability on any person who willfully or negligently fails to comply with its requirements. *See Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899–900 (4th Cir. 2003); 15 U.S.C. §§ 1681n, 1681o. Section 1681b(f) prohibits persons from "us[ing] or obtain[ing] a consumer report for any purpose" unless that purpose is expressly authorized by the FCRA. Section 1681q also provides for damages when "any person knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." "The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978). "To state a claim for an improper use or acquisition of a consumer report, [a] [p]laintiff must plead the following elements: (1) that there was a consumer report; (2) that Defendant used or obtained it; (3) that Defendant did so without a permissible statutory purpose; and (4) that Defendant acted with the specified culpable mental state." *Bolden v. McCabe, Weisberg & Conway, LLC*, No. CIV.A. DKC 13-1265, 2013 WL 6909156, at *3 (D. Md. Dec. 31, 2013) (citations omitted). Moreover, "[t]o prevail on the theory of willful violation of the FCRA, the plaintiff must 'show that the defendant knowingly and

intentionally committed an act in conscious disregard for the rights of the consumer.'" *Id.* at *3 n.5 (quoting *Ausherman*, 352 F.3d at 900).

The sparse factual allegations in the Complaint do not support an FCRA claim against Data Mortgage. Plaintiff merely asserts that Data Mortgage willfully obtained her credit report through false pretenses and without a permissible purpose in violation of 15 U.S.C. § 1681q. ECF No. 2 at ¶ 36. These allegations are wholly devoid of any specificity. Rather, they are mere "labels and conclusions" and "a formulaic recitation of the elements" of Plaintiff's cause of action. *Twombly*, 550 U.S. at 555. Because Plaintiff has failed to provide any facts giving rise to a plausible claim that Data Mortgage willfully violated the FCRA, Plaintiff has not met her pleading burden. Accordingly, her claim against Data Mortgage for violation of the FCRA must be dismissed.

Additionally, this reasoning applies equally with respect to other Defendants named in the Complaint, namely, Equity Loans LLC, Sher Financial Group, Inc. ("Sher"), and American Trust Capital Lending, Inc. ("American Trust"), because the allegations in the Complaint with respect to these Defendants are identical to those alleged against Data Mortgage. *See* ECF No. 2 at ¶¶ 25, 27, 29. Moreover, with respect to Sher and American Trust, Plaintiff has yet to demonstrate that they have been properly served. *See* ECF Nos. 107 & 108 (denying Plaintiff's Motion for Default and directing Clerk to reissue summonses to certain Defendants). The Court will therefore also order that Plaintiff show cause within 28 days of this Memorandum Opinion and accompanying Order as to why the claims against these Defendants should not also be dismissed. *See Saifullah v. Johnson*, 948 F.2d 1282 (4th Cir. 1991) (per curiam) ("A court may, on its own initiative, dismiss a civil complaint for failing to state a claim" provided that the plaintiff is given "notice and an opportunity to be heard . . . ." (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, Data Mortgage's Motion to Dismiss, ECF No. 95, is granted. Plaintiff's claims against Data Mortgage are dismissed, and Plaintiff is ordered to show cause as to why the Complaint should not also be dismissed as to Equity Loans, Sher, and American Trust. A separate Order follows.

Dated: May 5, 2016

GEORGE J. HAZEL
United States District Judge